# BAY STATE MILLING COMPANY

*v.*

# MARTINEZ

San Juan, Law, No. 1231.

REDUCTION OF ATTACHMENT BOND.

Attachment Bond—Application to reduce.

> Where an attachment bond has been given under the flexible Porto Rico statute, a motion to reduce will not ordinarily be entertained before the appearance of the defendant.

Opinion filed January 22, 1918.

*Mr. H. G. Molina* for plaintiff.

*Mr. H. R. Francis* appearing specially for defendant.

HAMILTON, Judge, delivered the following opinion:

This is an application by the plaintiff for a reduction of the bond of $12,500 which he gave upon securing the attachment January 14, on the ground that the attachment as levied has realized only some $500, besides office furniture, which it is said will be claimed by a third party.

It is an important question whether the court can change an attachment bond after it has once been fixed. The bond has been given to the defendant, and such action would amount to

changing his security against his will. On the other hand, the plaintiff contends that the surety intended in this case being a security company, the amount of premium to be paid is excessive under the circumstances. In the states the statute generally requires that the bond to be given shall be in an amount double the debt claimed, or bear some other definite relation to the debt claimed, and the decisions would be based upon that theory of the law. In Porto Rico, on the other hand, the attachment, or embargo as it is called in the original Spanish, proceeds along different lines. The court is given the authority to fix the bond, and to do almost any act which seems proper to secure the judgment which it is expected will be obtained. Frequently the property embargoed will be less than the debt, and the bond therefore would be much less than the debt. Such was the case at bar, where the bond is half the debt because it appeared the property to be attached would be smaller than the claim. The Porto Rican remedy, therefore, seems to be more flexible, and it may be that a larger discretion in regard to varying the bond rests with the court.

It seems best, however, not to decide the point at this time. In the case at bar there has been no return by the marshal showing the facts alleged in the motion, and several things alleged on the argument would have to be proved aliunde at a time when the defendant has not regularly appeared. It might very well be that there would be reason for the defendant to defer his appearance until near the end of the twenty days allowed him by law, and if motions of this character could be entertained it might compel him to appear and develop his defense before the period fixed by law. Moreover, there might very well be cases in which the test now set up would be en-

Bay State Milling Co. v. Martinez.

tirely inadequate. An attachment upon the office of many business men might develop very little tangible proceeds, and yet the injury suffered by the defendant could amount to many thousand dollars. The trial of these different points might amount to a trial of the case itself, even before the formal issues are made up.

Upon the whole, therefore, it would seem better not to pass upon the application at this time, and it will be denied without, prejudice to renewal in future.

It is so ordered.